# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| MTE HOLDINGS LLC, *et al.*, | : | Bankruptcy Case No. 19-12269 (CTG) |
| | : | |
| Debtor. | : | |
| _____ | : | |
| | : | |
| THE ALLAR COMPANY, | : | |
| | : | |
| Appellant, | : | |
| | : | |
| v. | : | C.A. No. 21-1318-LPS |
| | : | Bankr. BAP No. 21-67 |
| MTE HOLDINGS LLC, *et al.*, | : | |
| | : | |
| Appellee. | : | |
| _____ | : | |

## RECOMMENDATION

At Wilmington this **20th** day of **October, 2021**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from counsel, to determine the appropriateness of mediation in this matter;

WHEREAS, as a result of the above screening process, the issues involved in this case are not amenable to mediation and mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.

This Appeal is from an Order of the Bankruptcy Court Denying Stay Pending Appeal. Appellant filed this appeal based on case law holding that a bankruptcy court

order denying a stay pending appeals is a final appealable order.  The Plan administrator disputes this proposition.  Although the parties have not engaged in mediation or any other ADR and requested that this matter be removed from mandatory, the issues involved in this Appeal are not conducive to mediation.

The present appeal is related to another previously filed appeal by Appellant which confirmed Appellee's chapter 11 plan in 21-1297 LPS. The issues in this Appeal have been substantively briefed in connection with an expedited briefing schedule on Appellant's emergency Motion for Stay Pending Appeal on September 17, 2021.  The parties have no position on whether this briefing qualifies as the merits briefing in the instant appeal.  The Plan Administrator does not believe there should be additional briefing in this Appeal, as well as consolidation with 12-1297 for briefing purposes because the substantive issues are identical or have substantial overlap.  Appellant does not oppose consolidation for briefing purposes as long as the Motion for Stay and the merits on appeal are briefed separately because a different standard applies to any same/similar issues pursuant to Fed. R. Civ. P. 42.

Should this Court deem additional briefing necessary, Appellant proposed the following briefing schedule:

| | |
|---|---|
| Appellant's Opening Brief: | October 17, 2021 (30 days after Record on Appeal filed) with the brief not exceeding 20 pages. |
| Appellees's Brief | On or before November 16, 2021 (30 days after Appellant's Brief is served) and the brief not to exceed 20 pages |
| Appellant's Reply Brief | On or before November 30, 2021 (14 days after Appellee's Brief is served) and this brief not to exceed 10 pages. |

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a)

2

Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), this be withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court.  No objections are anticipated to this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(a) and D. DEL. LR 72.1 since it is consistent with the joint position of the parties.

Local counsel are obligated to inform out-of-state counsel of this Order.

/s/ Mary Pat Thynge
Chief U.S. Magistrate Judge Mary Pat Thynge

3